MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

KATHRYN HAUN (DCBN 484131)
WILLIAM FRENTZEN (LABN 24421)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Kathryn.haun@usdoj.gov
    William.frentzen@usdoj.gov

RAYMOND N. HULSER (MABN 551350)
Acting Chief, Public Integrity Section

RICHARD B. EVANS (DCBN 441494)
Trial Attorney

    1400 New York Avenue, N.W.
    Washington, D.C. 20005
    Telephone: (202) 353-7760
    Richard.B.Evans@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br>   v. <br> CARL MARK FORCE, <br>     Defendant. | No. 3 CR-15-70370 <br><br> GOVERNMENT'S SECOND SUPPLEMENTAL FILING IN SUPPORT OF PRETRIAL DETENTION <br><br> Hon. Elizabeth D. Laporte |

Comes now the United States through its undersigned attorneys and submits the following brief to clarify the record and in support of its motion for pretrial detention of defendant, Carl M. Force, IV. At the detention hearing on April 29, 2015, the Court inquired as to the status of defendant's outstanding passports and asked that the government confirm said status with the Department of State (DOS). At the time of the hearing, government counsel had been informed that, in addition to the personal blue passport that was recovered from defendant's vehicle at the time of the arrest (which was expired), there was a second personal blue passport that was valid until 2017, which had yet to be recovered. The United States has since learned that the second passport did indeed exist; however, according to DOS, that passport was an official red passport, which was issued to defendant while he was an agent with DEA. The United States is further informed that this second passport has been turned over to the DEA for destruction. This information was not known to government counsel at the time of the detention hearing and therefore, the United States wishes to correct the record on this matter at this time.

Regardless, this fact does not change the government's position that a preponderance of the evidence demonstrates that Force is still a risk of flight and thus, should be detained. As indicated during the detention hearing, defendant amassed certain special skills through his work as an undercover DEA agent operating on the dark web and has the knowledge and ability to obtain false identification, if he has not already done so. This would include passports, which were sold on the Silk Road and on a variety of black market sites. Indeed, that was one of the services that Force was performing in his undercover capacity – procuring false identification for the target of the Maryland investigation, Dread Pirate Roberts, a.k.a., Ross Ulbricht. Additionally, as evidenced by the document created by Force entitled "el plan", previously submitted to this Court, Force has actively considered and planned for how to leave the United States undetected and travel to a foreign country where he would be beyond the reach of U.S. law enforcement.

In addition to his ability, Force also has the means to flee the country. As evidenced by Force's own ledger, which was seized during the search of his house, Force had more than $300,000 in bitcoins at the end of 2014. This is in addition to the funds in the various domestic bank accounts which he owns and the $150,000 tax refund, which the government learned about for the first time at the detention hearing on April 29th. Then there is the issue of the $235,000 that Force wired to Pantera Capital in

GOVERNMENT'S SECOND SUPPLEMENTAL FILING IN SUPPORT OF PRETRIAL DETENTION
CR 15-70370

Panama on May 8, 2014, further destined for BTC-e, a digital currency exchange that is not registered with the U.S. Treasury Department's Financial Crimes Enforcement Network (FinCEN) as it must be to be in compliance with U.S. law.  It appears that these funds were subsequently moved to Eastern Europe where they are now beyond the reach of United States law enforcement.[1]  The existence of these overseas funds is troubling to begin with; however, what is even more troubling is the fact that the defendant failed to disclose the existence of these funds to the Pretrial Services Office (PTS) during his interview on April 29th.  Force's lack of candor with the PTS is directly relevant to the issues of trust that are central to this Court's consideration of the government's present motion and were one of the primary reasons that the Court in Maryland ordered Force's detention at the hearing on April 2, 2015.

One point bears special need for clarification as a result of defense counsel's proffer at the hearing, however, and that is Force's digital currency balances at overseas exchanges and what he told the government (and PTS) about them.  It should be clear that Force did not simply have one overseas digital currency account.  He had at least two, and those are only the ones known to the government.  Force had and has an account at Bitstamp, based in Slovenia.  Force also had, and has, an account at BTC-e, as described above.  The Bitstamp account was the only account Force told the government about during his proffer, and by that time the Bitstamp account was already known to the government.  Indeed, Bitstamp had apprised law enforcement of Force's account and of the large scale withdrawals he was attempting to make from it.  Although Force has agreed to a freeze of the Bitstamp balances, the government has no way to access the large balances that were wired to BTC-e via Panama.  Although defense counsel's proffer to this Court was that Force was willing to turn over the necessary passwords to the government to obtain those passwords on an apparent "thumb drive," undersigned counsel represents to this Court that it contacted defense counsel months ago seeking any passwords or PGP encryption keys and was advised that Force had none and did not memorialize any.

---

[1] At the hearing on the 29th, defense counsel, for the first time, stated that these funds in the BTC-e account were the property of the United States and that Force had informed the government of this fact at the time of his proffer on May 30, 2014.  This is simply not the case.  At the time of his proffer Force informed that government that certain bitcoins in his Bitstamp account purportedly belonged to the United States but he made no mention the $235,000 that he had wired to Panama just two weeks prior to his proffer.

GOVERNMENT'S SECOND SUPPLEMENTAL FILING IN SUPPORT OF PRETRIAL DETENTION
CR 15-70370

1   Moreover, through defense counsel proffer to the Court at the detention hearing this week, it was represented that Force told the government of the BTC-e funds last year during the May 2014 proffer and now it is defendant's position that they were government funds all along. All undersigned counsel were present at that proffer and none recall this statement. Moreover, as government counsel noted at the hearing, if those funds belong to the government (which the government believes) and were wrongfully converted by Force, why would Force have moved them outside the country to an offshore account if his intention was to give them back to the United States?

Given the defendant's lack of candor with the PTS, his access to large amounts of known and discovered funds, including those that he moved offshore; the real possibility of additional funds that have not yet been discovered by the government; his expert knowledge of undetectable or hard-to-detect methods of communication; his expert knowledge of false identities and procuring the same; his communications about a "get out of town" plan; the fact that when arrested and knowing of the government's case he was caught with a "go bag" of blank money orders totaling $5,000, a loaded weapon, and an expired passport; and the other factors described in the government's motion in support of detention and adduced at the hearing, the United States requests this Court reach the same conclusion as the Magistrate Judge in the District of Maryland and detain the defendant pending trial.

Finally, given all the representations that were made about the different account balances and currency at the proffer, the government respectfully requests that the Court take into account the sworn testimony of Special Agent Tigran Gambaryan made through his affidavit in support of the Criminal Complaint in this case. Although it is somewhat lengthy, its factual descriptions and attachments depicting some of the defendant's transfers of digital currency should leave no doubt that Force was a master at hiding assets and covering his tracks, including requesting that evidence be deleted.

Respectfully submitted,

MELINDA HAAG

_____/s/_____    _____/s/_____
RICHARD B. EVANS                         KATHRYN HAUN
Trial Attorney, Public Integrity Section  WILLIAM FRENTZEN
                                         Assistant U.S. Attorneys

Dated: May 1, 2015

GOVERNMENT'S SECOND SUPPLEMENTAL FILING IN SUPPORT OF PRETRIAL DETENTION
CR 15-70370

**Certificate of Service**

I hereby certify that on this 1st day of May, 2015, an electronic copy of the foregoing was served via the Court's ECF system on counsel for defendant and all those who have filed an appearance in this case.

_____//s//_____
Richard B. Evans
Trial Attorney

GOVERNMENT'S SECOND SUPPLEMENTAL FILING IN SUPPORT OF PRETRIAL DETENTION
CR 15-70370